# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA as subrogee of JEFFREY SWEENEY,<br><br>Plaintiff,<br><br>v.<br><br>CYNTHIA LAVOIE and NEW LONDON COUNTY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:13-CV-10650-RWZ |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Citizens Insurance Company of America a/s/o Jeffrey Sweeney ("Citizens"),

respectfully submits the following proposed jury instructions.

Respectfully submitted,

CITIZENS INSURANCE COMPANY OF
AMERICA as subrogee of Jeffery Sweeney,

By its attorneys,

/s/ R. Victoria Fuller
Brian E. Tetro, *pro hac vice*
R. Victoria Fuller BBO #666494
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
99 Summer Street
Boston MA 02110
T: (215) 864-7070
F: (215) 789-6670
tetrob@whiteandwilliams.com
fullerv@whiteandwilliams.com

Dated:  July 27, 2015

## **INDEX**

**Proposed Jury Instruction**                                                   **Page**

**Proposed Jury Instruction No. 1 (Pre-Charge)**
    Function of the Judge....................................................................1

**Proposed Jury Instruction No. 2 (Pre-Charge)**
    Function of Counsel.....................................................................4

**Proposed Jury Instruction No. 3 (Pre-Charge)**
    Function of the Jury ....................................................................5

**Proposed Jury Instruction No. 4 (Pre-Charge)**....................................................7
    Separation of the Jury

**Proposed Jury Instruction No. 5 (Pre-Charge)**
    Jury Must Follow the Law.............................................................8

**Proposed Jury Instruction No. 6**
    All Persons Equal Before the Law.................................................9

**Proposed Jury Instruction No. 7**
    What is Evidence ......................................................................10

**Proposed Jury Instruction No. 8**
    Depositions ...............................................................................12

**Proposed Jury Instruction No. 9**
    Direct and Circumstantial Evidence/Inferences .........................13

**Proposed Jury Instruction No. 10**
    Credibility of Witnesses............................................................15

**Proposed Jury Instruction No. 11**
    Expert Witnesses......................................................................17

**Proposed Jury Instruction No. 12**
    Juror's Common Sense .............................................................19

**Proposed Jury Instruction No. 13**
    Burden of Proof Generally/Preponderance of the Evidence.......20

**Proposed Jury Instruction No. 14**
    Negligence ...............................................................................21

**Proposed Jury Instruction No. 15**
    Duty .........................................................................................22

i

**Proposed Jury Instruction No. 16**
    Definition of Negligence ........................................................................23

**Proposed Jury Instruction No. 17**
    Breach ....................................................................................................24

**Proposed Jury Instruction No. 18**
    Compare Defendant's Conduct to a Reasonable Person ...........................25

**Proposed Jury Instruction No. 19**
    Causation…………………………………………………………….26

**Proposed Jury Instruction No. 20**
    But-For Causation……………………………………………………27

**Proposed Jury Instruction No. 21**
    Limits on Scope of Liability – Foreseeability Test……………………….28

15678199v.1

## <u>PROPOSED JURY INSTRUCTION NO. 1 (PRE-CHARGE)</u>

### Function of the Judge

Each of us who participate in a trial by jury—the judge, the lawyers, and the jury—have distinct and well-defined roles to play, or responsibilities.  I will now briefly explain each of our responsibilities.

I obviously am the trial judge.  It will be my overall responsibility to make sure that this case is tried fairly, efficiently, and in accordance with the law.

My role in presiding over a trial can be divided into two main parts.  First, I likely will be called upon by the attorneys to make rulings concerning the admissibility of evidence.  You probably all have some basic understanding that trials, all trials, are conducted in accordance with a body of law which we call the rules of evidence.  In most cases, the lawyers and the judge meet before trial and go over the more significant evidentiary issues that the case presents.  The judge can then make appropriate rulings and give the attorneys guidance on what the judge will admit and what he or she may not admit.  But the attorneys cannot anticipate all the evidentiary issues that the case might present.  So, from time to time in this trial, you may observe an attorney standing to object after the opposing attorney has asked a question of the witness.  The word "objection" is legal code; it means to the judge that the attorney, in his or her professional judgment, does not believe that the question calls for an answer which is admissible evidence under our rules.  If I agree, I will say "sustained."  If I sustain an objection, please do not guess or speculate what the witness might have said if permitted to answer because the jury is never permitted to decide anything on the basis of guesswork or speculation.  Nor should you ever hold it against an attorney because by objecting, something might have been kept from the jury.  Under our adversary system of law we depend upon attorneys to bring it to the judge's attention in a timely fashion when something is about to be introduced which should not be considered

-1-

under our law.  Of course, reasonable lawyers and judges may disagree on what is admissible and what is not in a particular trial.  If I believe that the question is in proper form, and calls for an answer which is admissible evidence, I will say "overruled," and the witness will be permitted to answer the question.  You should make nothing of that.  These are purely matters of law between the judge and the attorneys and are not of concern to the jury.

Sometimes I may not understand the reason for an objection, and I may need to see the attorneys at sidebar.  If I go to sidebar with the attorneys, I will give you the opportunity to stand and take a stretch break.  At sidebar the attorneys will tell me the reason for the objection, and perhaps give me a preview of what they anticipate the witness would say if permitted to answer. We try to minimize unnecessary trips to sidebar to discuss legal issues because they can tend to slow down the progress of the trial.  However, you should understand that we are all engaged in a process which we hope will produce a fair trial, and this sometimes necessitates sidebar conferences between the judge and the lawyers about points of law.

My other significant responsibility during trial is to explain the law to the jury.  All claims, or causes of action, can be broken down into or explained in terms of the elements of the claim.  In summary, the claim in this case is as follows:

This case involves a fire that occurred at 30 Oak Street, North Billerica, Massachusetts (the "Property") on April 25, 2012. The Property is owned by Joseph and Corisa Sweeney.  The plaintiff in this matter is Citizens Insurance Company of America, the property insurer.  The defendant in this matter is Cynthia Lavoie, Corisa Sweeney's mother who was in the home at the time of the fire.  Citizens Insurance Company of America is seeking to assert its subrogation rights as it is entitled to do under the law seeking recovery against those that Citizens Insurance Company of America can prove were responsible for the fire damage.  Citizens Insurance

Company of America claims that Cynthia Lavoie negligently discarded a cigarette and caused the fire at the Property. Cynthia Lavoie denies that she was negligent and denies that her conduct led to the fire loss. The defendant claims that the cause of the fire is unknown and is unable to be determined.

Most judges ordinarily provide the jury with their complete charge at the conclusion of the case after the jury has heard all the evidence and can therefore better understand the legal principles of the case in the context of the facts.

### Authority

*See* The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions* § 1.1.2 (Mass. Continuing Legal Educ., Inc. 2014) (modified).

## PROPOSED JURY INSTRUCTION NO. 2 (PRE-CHARGE)

### Function of Counsel

The attorneys also have a special role to play.  As you know, we have an adversary system of justice in this country.  The attorneys in this case each have been retained to represent the interests of their clients.  They are advocates, advocates for their client's cause.  They are expected to bring to your attention, in the course of this trial, all of the facts, circumstances, and arguments which best support the position of the party that they represent, and also develop whatever weak points there may be in the other side's case.  We hold them to a high standard. You have every right to expect that the attorneys in this case will be well prepared, well organized, and well versed in the facts and the law of this case so that by their advocacy, they can help you and me in the jobs we have to do.

It is the duty of both lawyers in this case to object when the other side offers evidence that that lawyer believed was not admissible under our rules of evidence.  They also have an obligation to ask to speak to me at the judge's bench about questions of law, which the law requires me to rule on out of your hearing.

The purpose of such objections and rulings is not to keep relevant information from you. Just the opposite: they are to make sure that what you hear is relevant to this case, and that the evidence is presented in a way that gives you a fair opportunity to evaluate its worth.

You should not draw any inference, favorable or unfavorable, to either attorney or [his/her] client for objecting to proposed evidence or asking me to make such rulings.  That is the function and responsibility of the attorneys here.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions* § 1.1.3 (Mass. Continuing Legal Educ., Inc. 2014).

-4-

## PROPOSED JURY INSTRUCTION NO. 3 (PRE-CHARGE)

### Function of the Jury

You have the most important role of all.  Your function as the jury is to determine the facts of this case.  You are the sole and exclusive judges of the facts.  You alone determine what evidence to accept, how important any evidence is that you do accept, and what conclusions to draw from all the evidence.  You must apply the law as I will give it to you to the facts as you determine them to be, in order to decide whether the plaintiff has proved its case.

You should determine the facts based solely on a fair consideration of the evidence.  You are to be completely fair and impartial, and you are not to be swayed by prejudice or by sympathy, by personal likes or dislikes, toward either side.  You are not to allow yourselves to be influenced because the claims are popular or unpopular with the public.

You are not to decide this case based on what you may have read or heard outside of this courtroom.  You are not to engage in any guesswork about any unanswered questions that remain in your mind, or to speculate about what the "real" facts might or might not have been.

You should not consider anything I say or do during the trial—in ruling on motions or objections, or in comments to the attorneys, or in questions to witnesses, or in setting forth the law in these instructions—as any indication of my opinion as to how you should decide the case. If you believe that I have expressed or hinted at any opinion about the facts of this case, please disregard it.  I have no opinion about the facts or what your verdict ought to be; that is solely and exclusively your duty and responsibility.

In short, you are to confine your deliberations to the evidence and nothing but the evidence.

15678199v.1

**Authority**

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 1.1.4 (Mass. Continuing Legal Educ., Inc. 2014).

## PROPOSED JURY INSTRUCTION NO. 4 (PRE-CHARGE)

### Separation of the Jury

You must not discuss the case with anyone, even with your fellow jurors, until all of the evidence has been presented, the final arguments have been made and I have instructed you on applicable law and the case is submitted to you.  After it is submitted to you, you may discuss it only in the jury room with your fellow jurors.

It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you.

### Authority

*See US. v. Jadlowe*, 628 F.3d 1, 14-15 (1st Cir. 2010); *Kelly v. Foxboro Realty Assoc., Inc.*, 454 Mass. 306 (2009).

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 5

### Jury Must Follow the Law

You must take the law as I give it to you.  You should not be concerned about the wisdom of any rule of law that I give you.  Whatever your private opinions about what the law is or ought to be, it is your duty to base your verdict on the law as I define it to you.

If I devote a bit more time to discussing any particular charge or part of the charge, you are not to infer anything from the length of my discussion.  Some matters may take longer to explain, but that is not a guide to their relative importance and is not an indication that I have an opinion on any issue in this case.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions* § 1.2.1 (Mass. Continuing Legal Educ., Inc. 2014).

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 6

### All Persons Equal Before the Law

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  An insurance company is entitled to the same fair trial as a private individual.  All persons, including insurance companies and individuals stand equal before the law, and are to be treated as equals.

### Authority

*See* O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (Civil), § 103.12 (Sixth Ed.) (2011) (modified).

## PROPOSED JURY INSTRUCTION NO. 7

### What Is Evidence

You are to decide what the facts are solely from the evidence admitted in this case, and not from suspicion or conjecture.  The evidence consists of the sworn testimony of witnesses, no matter who called the witness, any documents or other things that were received into evidence as exhibits, regardless of who may have produced the exhibits, and any fact on which the lawyers have agreed or which I have told you that you may accept as proved.  Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

You will have all of the exhibits with you in the jury room.  You alone will decide the weight—that is, the value—that they deserve to receive in helping you make your ultimate judgment about whether Citizens has proved its case.  You are not required to believe something simply because it is written on a piece of paper or appears in a photograph.  You are not, of course, required to disbelieve it because it appears there.  Whether to believe what an exhibit purports to show and how much weight to give the exhibit is entirely for you to decide.

Of course, the quality or strength of the proof is not determined by the sheer volume of evidence or the number of witnesses or exhibits.  It is the *weight* of the evidence, its strength in tending to prove the issue at stake, that is important.  You might find that a smaller number of witnesses who testify to a particular fact are more believable than a larger number of witnesses who testify to the opposite.

Some things that occur during a trial are *not* evidence and you may *not* consider them as evidence in deciding the facts of this case.  Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A question put to a

-10-

witness is never evidence; only the answers are evidence.  Also, you may not consider any answer that I struck from the record and told you to disregard.  Do not consider such answers. You may not consider any item that was marked for identification but was never received in evidence as an exhibit.  Anything that you may have seen or heard when the court was not in session is not evidence.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

The opening statements and the closing arguments of the lawyers are not a substitute for the evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.  My instructions and anything that I have said in passing during the trial are not evidence.  If your memory of the testimony differs from the attorneys' or mine, you are to follow your own recollection.

Consider the evidence as a whole.  Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case, and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

**Authority**

*See* The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
    § 1.2.6 (Mass. Continuing Legal Educ., Inc. 2014); *see also* O'Malley, Grenig & Lee,
    Federal Jury Practice and Instructions (Civil), § 101:40 (Sixth Ed.) (2011).

## PROPOSED JURY INSTRUCTION NO. 8

### Depositions

A deposition is testimony that was given out of court by a witness under oath, in response to questions asked by either of the attorneys.  You are to treat a deposition in the same way as if the testimony had been given here in court.  As with all witnesses, it is for you to determine how believable and how significant that testimony is.

### Authority

The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 1.2.6 (Mass. Continuing Legal Educ., Inc. 2014); *see also* O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (Civil), § 102.23 (Sixth Ed.) (2011).

## PROPOSED JURY INSTRUCTION NO. 9

### Direct and Circumstantial Evidence / Inferences

There are two types of evidence that you may use to determine the facts of a case: direct evidence and circumstantial evidence.  You have direct evidence where a witness testifies directly about the fact that is to be proved, based on what [he/she] claims to have seen or heard or felt with [his/her] own senses, and the only question is whether you believe the witness.  You have circumstantial evidence where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact that is to be proved.

Let me give you an example.  Your daughter might tell you one morning that she sees the mailman at your mailbox.  That is *direct* evidence that the mailman has been to your house.  On the other hand, she might tell you only that she sees mail in the mailbox.  That is *circumstantial* evidence that the mailman has been there; no one has seen him, but you can reasonably infer that he has been there because there is mail in the box.

Any inferences or conclusions you draw must be reasonable and natural, based on your common sense and experience of life.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Inferences are things you do every day: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

You draw such inferences every day.  If your son leaves your house in the morning with an umbrella, without saying anything, you can draw two conclusions: he thinks it's raining

-13-

outside and he intends to go out in the rain.  Those two conclusions are inferences about his

knowledge and his intent.  They are reasonable because you know that's what such behavior

indicates.

You should consider both kinds of evidence: direct and circumstantial.  The law makes

no distinction between the weight to be given to either direct or circumstantial evidence.  You

are to decide how much weight to give any evidence.

**Authority**

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 1.2.7 (Mass. Continuing Legal Educ., Inc. 2014); O'Malley, Grenig & Lee, Federal
Jury Practice and Instructions (Civil), § 101:42 (Sixth Ed.).

-14-

**PROPOSED JURY INSTRUCTION NO. 10**

**Credibility of Witnesses**

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it or none of it. If you do not believe a witness's testimony that something happened, of course your disbelief is not evidence that it did *not* happen. When you disbelieve a witness, it just means that you have to look elsewhere for credible evidence about that issue.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life. Often it may not be *what* a witness says, but *how* [he/she] says it that might give you a clue whether or not to accept [his/her] version of an event as believable. You may consider a witness's character, [his/her] appearance and demeanor on the witness stand, [his/her] frankness or lack of frankness in testifying, whether [his/her] testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether [his/her] memory seems accurate.

You may also consider [his/her] motive for testifying, whether [he/she] displays any bias in testifying, and whether or not [he/she] has any interest in the outcome of the case.

15678199v.1

**Authority**

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 1.2.8 (Mass. Continuing Legal Educ., Inc. 2014); *see also* O'Malley, Grenig & Lee,
Federal Jury Practice and Instructions (Civil), § 101:43 (Sixth Ed.) (2011).

## PROPOSED JURY INSTRUCTION NO. 11

### Expert Witness

Let me now address the subject of expert witness testimony.

This term refers to witnesses who have specialized training or experience in a particular field. Generally, in cases that are tried in our courts, both civil and criminal, witnesses may testify only to facts that are within their own personal knowledge—that is, things that they have personally seen or heard or felt. However, in a variety of cases, issues arise that are beyond the experience of lay persons, and in those types of cases, we allow a person with specialized training or experience, called an expert witness, to testify, and to testify not only to facts, but also to opinions, and the reasons for his or her opinions, on issues that are within the witness's field of expertise and are relevant and material to the case.

Because a particular witness has specialized training and experience in his or her field does not put that witness on a higher level than any other witness, and you are to treat the so-called expert witness just like you would treat any other witness. In other words, as with any other witness, it is completely up to you to decide whether you accept the testimony of an expert witness, including the opinions the witness gave. It is also entirely up to you to decide whether you accept the facts relied on by the expert and to decide what conclusions, if any, you draw from the expert's testimony.

You are free to reject the testimony and opinion of such a witness, in whole or in part, if you determine that the witness's opinion is not based on sufficient education and experience or that the testimony of the witness was motivated by some bias or interest in the outcome of the case. You must also keep firmly in mind that you alone decide what the facts are. If you conclude that an expert's opinion is not based on the facts, as you find those facts to be, then you may reject the testimony and opinion of the expert in whole or in part.

-17-

You must remember that expert witnesses do not decide cases; juries do.  In the last analysis, an expert witness is like any other witness, in the sense that you alone make a judgment about how much credibility and weight you give to the expert's testimony, and what conclusions you draw from the testimony.

### Authority

*See* The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions* § 13.7 (Mass. Continuing Legal Educ., Inc. 2014) (modified); *Steinhilber v. McCarthy*, 26 F. Supp. 2d 265, 284-85 (D. Mass. 1998); *see also* O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (Civil), § 104.40 (Sixth Ed.) (2011).

## <u>PROPOSED JURY INSTRUCTION NO. 12</u>

### Juror's Common Sense

You are to use all of your common sense, experience and good judgment in evaluating

the evidence.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 1.2.8 (Mass. Continuing Legal Educ., Inc. 2014).

-19-

## PROPOSED JURY INSTRUCTION NO. 13

### Burden of Proof Generally/Preponderance of the Evidence

Citizens has the burden in a civil action, such as this, to prove every essential element of its claim by a preponderance of the evidence.  If Citizens should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard applicable in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

### Authority

*See* O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (Civil), § 104.01 (Sixth Ed.) (2011) (modified).

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 14

### Negligence

In this case Citizens claims that Cynthia Lavoie negligently discarded a cigarette and caused a fire at the Sweeney's property.

In order to recover in this lawsuit, Citzen's has the burden of proving by a preponderance of the evidence the following four elements:

First, Citizens must prove that Ms. Lavoie owed a duty of care to the Sweeneys.

Second, Citizens must prove that Ms. Lavoie breached that duty of care, or in other words, was negligent.

Third, Citizens must prove that it suffered injury or harm.

Fourth, Citizens must prove that Ms. Lavoie's breach of duty was a cause of Citizen's injury or harm.

Here, Citizens and the Defendants have stipulated, meaning that they have agreed, that the amount of Citizen's "injury" is $500,000.  As a result, you only have to decide three of the four elements of this claim: (1) whether Citizen's has proved the existence of a duty of care, (2) whether Ms. Lavoie breached that duty of care; and (3) that Ms. Lavoie's breach of duty caused Citizen's injury.  You do not have to decide whether Citizen's suffered injury or harm, or how much.

### Authority

*See* The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 2.1 (Mass. Continuing Legal Educ., Inc. 2014) (modified)

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 15

### Duty

The first element Citizens must prove by a preponderance of evidence that a duty was owed to it by Ms. Lavoie.  Here, Citizens stands in the shoes of its insureds, the Sweeneys.  So Citizens must prove by a preponderance of the evidence that the defendant owed a duty to the Sweeneys.

You are to interpret the word "duty" as an obligation. Duty means an obligation to conform to a particular standard of conduct toward another person which is recognized and enforced in the law.  It is for you to determine whether Ms. Lavoie did exercise the required care or whether Ms. Lavoie breached her duty.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 2.1.1 (Mass. Continuing Legal Educ., Inc. 2014) (modified)

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 16

### Definition of Negligence

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.

Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.

The classic definition of negligence is this: Negligence is the failure of a responsible person, either by omission or by action, to exercise that degree of care, diligence, and forethought which, in the discharge of the duty then resting on [him/her], the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a lack of diligence commensurate with the requirement of the duty at the moment imposed by the law.

Negligence is the performance or the omission of some act in violation of a legal duty.

Ordinarily, where a duty of care is established by law, the standard by which a party's performance is measured is the conduct expected of a reasonably prudent person in similar circumstances. The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent. The same standard is frequently expressed in terms of "reasonable care."

### Authority

*See* The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 2.1.2 (Mass. Continuing Legal Educ., Inc. 2014)

-23-

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 17

### Breach

This brings me to the second element of the claim, breach.  Citizens must prove, by a preponderance of the evidence, that Ms. Lavoie did not exercise the required amount of care under the circumstances, that Ms. Lavoie breached her duty of care, or, in other words, was negligent.

Since there is a duty to exercise [reasonable] care, Citizens must prove by a preponderance of the evidence that Ms. Lavoie failed to exercise the required amount of care.

The standard of care in negligence cases is how a person of reason prudence would act in similar circumstances.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
        § 2.1.3 (Mass. Continuing Legal Educ., Inc. 2014) (modified)

## PROPOSED JURY INSTRUCTION NO. 18

### Compare Defendant's Conduct to a Reasonable Person

Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case.

After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by this defendant. In determining whether or not Ms. Lavoie acted with reasonable care, you are to consider not only whether she knew of the risks involved, but also whether she should have known of the risks.

The test is an objective one.  If you find that Ms. Lavoie did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that Ms. Lavoie did not breach her duty of reasonable care to the Sweeneys, and your verdict will be for Ms. Lavoie. If, however, you find that Ms. Lavoie did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that Ms. Lavoie breached her duty of care to the Sweeneys.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*  § 2.1.6 (Mass. Continuing Legal Educ., Inc. 2014) (modified)

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 19

### Causation

If you decide that Ms. Lavoie was negligent, you must then consider whether Ms.

Lavoie's negligent conduct caused the fire at the Sweeneys' residence.  Even if you find that Ms.

Lavoie was negligent, Ms. Lavoie is not liable to Citizens unless her negligence caused the fire at

the Sweeneys' residence.  To meet its burden, Citizens need only show that there was greater

likelihood or probability that the harm complained of was due to causes for which Ms. Lavoie

was responsible than from any other cause.


### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 2.1.8 (Mass. Continuing Legal Educ., Inc. 2014) (modified)

## <u>PROPOSED JURY INSTRUCTION NO. 20</u>

### But-For Causation

The defendant's conduct was a cause of the plaintiff's harm if the harm would not have occurred absent the defendant's negligence. In other words, if the harm would have happened anyway, the defendant is not liable.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
§ 2.1.8(a) (Mass. Continuing Legal Educ., Inc. 2014)

15678199v.1

## PROPOSED JURY INSTRUCTION NO. 21

### Limits on Scope of Liability – Forseeability Test

Furthermore, to establish causation, the plaintiff must show that the general type of harm was reasonably foreseeable to someone in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant foresaw, or should have foreseen, the precise manner in which the harm occurred; but the plaintiff must show that its harm was a natural consequence of the defendant's negligence.

The defendant is liable for those injuries that are a reasonably foreseeable consequence of her negligence. When we say that something is foreseeable, we mean that it's a predictable consequence of the defendant's negligent acts or omissions.

### Authority

*See*  The Hon. Patrick F. Brady, *Massachusetts Superior Court Civil Practice Jury Instructions*
    § 2.1.8(c) (Mass. Continuing Legal Educ., Inc. 2014)

15678199v.1

## <u>CERTIFICATE OF SERVICE</u>

I, R. Victoria Fuller, hereby certify that this document was filed through the Court's ECF system on July 27, 2015 and will be sent electronically to all counsel of record on the Notice of Electronic Filing (NEF).


/s/ R. Victoria Fuller
R. Victoria Fuller

15678199v.1